UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID WAYNE BURGET, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-858-RLM-MGG |
| TINA HANKINS, et al., | |
| Defendants. | |

OPINION AND ORDER

David Wayne Burget, a prisoner without a lawyer, filed a complaint containing unrelated claims. He has sued Caseworker Tina Hankins for failing to protect him from being assaulted by his cellmate in July 2020. ECF 2 at 3; 2-1 at 1. Mr. Burget has also sued Caseworkers Shaun Dwyer and Joyce Holland for failing to protect him from a separate assault by his cellmate[1] on April 2, 2021. ECF 2 at 3-4. He sues Yard Officer John Doe for failing to protect him from being assaulted and robbed by another inmate when he was walking from the commissary to his cell carrying a bag of commissary items. *Id.* at 4. It doesn't appear that there is any relationship between the three assaults. "Unrelated claims against different defendants belong in different suits . . .." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). *See also* Owens v. Evans, 878 F.3d 559, 566 (7th Cir. 2017).

---

[1] It is unclear if his cellmate on April 2, 2021, was the same person who assaulted him in July 2020.

The court has several options when a *pro se* prisoner files a suit with unrelated claims. Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012). This court notifies the plaintiff and allow him to decide which claim (or related claims) to pursue in the case – as well as to decide when or if to bring the other claims in separate suits. *Id.* ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." Katz v. Gerardi, 552 F.3d 558, 563 (7th Cir. 2009). Unless Mr. Burget can establish a connection between these seemingly unrelated circumstances, his claim against Caseworker Hankins for the July 2020, assault, his claim against Caseworkers Dwyer and Holland for the April 2, 2021, assault, and his claim against Yard Officer Doe for the August 9, 2021, assault don't belong in the same lawsuit.

The court could properly limit this case by picking a claim (or related claims) for Mr. Burget because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed. R. Civ. P. 21." Wheeler v. Wexford Health, 689 F.3d at 683. Alternatively, the court could split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . . .." *Id.* Both of these solutions pose potential problems. It's the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. If Mr. Burget can't choose related claims on which to proceed in this case, one of these options might become necessary. Mr. Burget needs to decide

2

which related claims and associated defendants he wants to pursue in this case. *See* Katz v. Gerardi, 552 F.3d at 563 and Wheeler v. Wexford Health, 689 F.3d at 683. Then, he needs to file an amended complaint including only a discussion of the related claims and defendants. In any amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible. Moreover, he should not write about other events and conditions at the prison which are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he needs to file separate lawsuits.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and sent it to David Wayne Burget along with two blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) forms and two blank AO 240 (Rev. 7/10) (INND Rev. 8/16) Prisoner Motion to Proceed In Forma Pauperis forms;[2]

(2) GRANTS David Wayne Burget until **April 1, 2022**, to file an amended complaint containing only related claims on the form with this case number sent to him by the clerk; and

---

[2] If Mr. Burget needs more forms, he may contact the Clerk's Office to request them.

(3) CAUTIONS Mr. Burget if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED on March 1, 2022

                                              s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT