UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID WAYNE BURGET,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-858-RLM-MGG

TINA HANKINS, et al.,

    Defendants.

OPINION AND ORDER

David Wayne Burget, a prisoner without a lawyer, filed an amended complaint. The court screened his original complaint and determined that it contained unrelated claims against unrelated defendants. (ECF 14.) The court gave him a chance to file an amended complaint, and he responded with this filing.

The court must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because Mr. Burget is proceeding without an attorney, the court must construe his allegations generously. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Burget is incarcerated at Miami Correctional Facility. He alleges that on July 27, 2020, he told his caseworker, Tina Hankins, that he needed to be moved immediately because his cellmate had threatened to assault him. She allegedly did nothing in response. The next day, Mr. Burget told a correctional officer that he feared for his safety due to the threat by his cellmate. He claims the officer in turn conveyed the message to Ms. Hankins, but she still did nothing to alleviate the danger. That night while Mr. Burget was sleeping, his cellmate attacked him, causing him severe injuries including a fractured orbital bone and other damage to his eye.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." Grieveson v. Anderson, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." Brown v. Budz, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Wells, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. The plaintiff must show that the defendant "acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate

steps to protect him from the specific danger." Klebanowski v. Sheahan, 540 F.3d 633, 639-40 (7th Cir. 2008).

Giving Mr. Burget the inferences to which he is entitled, he has stated a plausible deliberate indifference claim against Ms. Hankins. He claims he told her about a specific threat of harm posed by a specific inmate, and the following day a correctional officer reiterated the concern to her. She allegedly did nothing to protect him or alleviate the danger. Later that night, he was attacked and brutally beaten. He has alleged enough to proceed past the pleading stage on a claim against Ms. Hankins.

He also names "Miami Correctional Facility" as a defendant. The prison is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). This defendant will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Caseworker Tina Hankins in her personal capacity for monetary damages under the Eighth Amendment for failing to protect him from being attacked by his cellmate on or about July 28, 2020, after she received two warnings that he would be attacked by his cellmate if he was not moved;

(2) DISMISSES all other claims;

(3) DISMISSES Miami Correctional Facility as a defendant;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Tina Hankins at Indiana Department of Correction and to send her a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Tina Hankins to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 14, 2022

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT