UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID WAYNE BURGET,

    Plaintiff,

    v.                          CAUSE NO. 3:21-CV-858-RLM-JEM

TINA HANKINS,

    Defendants.

## OPINION AND ORDER

David Wayne Burget, a prisoner without a lawyer, is proceeding "against Caseworker Tina Hankins in her personal capacity for monetary damages under the Eighth Amendment for failing to protect him from being attacked by his cellmate on or about July 28, 2020, after she received two warnings that he would be attacked by his cellmate if he was not moved[.]" ECF 20 at 3. Caseworker Hankins moved for summary judgment, arguing Mr. Burget didn't exhaust his administrative remedies before filing this lawsuit.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that

party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't just rely on allegations or denials in its own pleading, but must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners can't bring an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Courts take a "strict compliance approach to exhaustion," Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), so "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. Woodford v. Ngo, 548 U.S. 81, 102 (2006). The availability of a remedy isn't a matter of what appears on paper but whether the process was in

2

actuality available for the prisoner to pursue. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Id.* "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d at 809.

Caseworker Hankins argues that Mr. Burget didn't exhaust his administrative remedies before filing suit because he never submitted any grievance related to his claim that Caseworker Hankins failed to protect him on July 28, 2020. Caseworker Hankins provides evidence showing these facts: Mr. Burget submitted a grievance on December 23, 2020 indicating that a cellmate hit him in the eye as he slept. On December 31, 2020, the grievance office rejected that grievance as incomplete because it didn't list an incident date or request any relief. On January 7, 2021, the grievance office received a corrected copy of Mr. Burget's December 23 grievance, listing an incident date of July 28, 2020. The grievance office rejected Mr. Burget's corrected grievance as untimely on January 19, because it was submitted more than ten business days after the July 28, 2020, incident. Mr. Burget doesn't dispute these facts, so the court accepts them as undisputed.

Mr. Burget concedes he didn't fully exhaust any grievance related to his claim against Caseworker Hankins. He argues his administrative remedies were unavailable for four reasons. First, Mr. Burget says there was "more information"

3

Caseworker Hankins hadn't received when she moved for summary judgment, including interrogatory responses and copies of more grievances and communications. But Caseworker Hankins provided copies of several grievances Mr. Burget has submitted, (ECF 36-3 at 3, 15, 20, 24, 26, 31, 38, 40), and Mr. Burget doesn't specify what information she was missing when she filed her summary judgment motion. That Caseworker Hankins might have been missing relevant information in 2022 when she filed her summary judgment motion doesn't alone show Mr. Burget's administrative remedies were unavailable in 2020. Second, Mr. Burget argues that his fear of his cellmate "played a major role" in his inability to exhaust the grievance process because he was constantly on lockdown with his cellmate and couldn't safely communicate with jail staff. But if Mr. Burget couldn't submit a timely grievance immediately after the July 28, 2020, assault, he should have explained those circumstances to the Grievance Specialist once he could submit a grievance. ECF 36-2 at 14 ("If there are extenuating circumstances which caused the offender a delay in submitting the grievance form within the time frames, the offender must document and submit the reason for the delay on a separate piece of paper with signature and date, and include with the appropriate appeal form or make a request for the specific form to the Offender Grievance Specialist for review"). Mr. Burget's December 23 grievance didn't explain its untimeliness, so Mr. Burget did not comply with this requirement. Third, Mr. Burget argues that his intellect "plays a role in this process," as he struggled to read and write when he arrived at the prison. ECF 49 at 4. But Mr. Burget submitted many grievances during his time at the prison, and he

doesn't explain just how his intellect prevented him from fully exhausting the grievance process. *See* Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"). Lastly, Mr. Burget argues he gave "multiple grievances" to prison staff related to the July 2020 incident and never received any copies back. Mr. Burget doesn't say when he tried to file these grievances and provides no evidence that he ever followed up with the grievance office about the lack of response. *See* ECF 36-2 at 9 (providing that, if an offender submits a grievance and does not receive a response from the grievance office within ten business days, the offender must notify the Grievance Specialist of that fact and retain a copy of the notice).

Caseworker Hankins has provided undisputed evidence that Mr. Burget didn't fully exhaust any grievance related to his claim in this lawsuit, and Mr. Burget provides no evidence the grievance process was unavailable. Caseworker Hankins has met her burden to show Mr. Burget didn't exhaust his available administrative remedies before filing this lawsuit. Summary judgment is warranted in her favor.

For these reasons, the court:

(1) GRANTS Caseworker Hankins' motion for summary judgment (ECF 36); AND

(2) DIRECTS the clerk to enter judgment for Caseworker Hankins and against David Wayne Burget and to close this case.

SO ORDERED on May 15, 2023

                                                s/ Robert L. Miller, Jr.  
                                                JUDGE  
                                                UNITED STATES DISTRICT COURT